■ In the Matter of JAMES REILLY, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Appellant.— In a proceeding under article 78 of the Civil Practice Act to review and annul a determination of the Motor Vehicle Commissioner, the Commissioner appeals from an order of the Supreme Court, Queens County, dated October 20, 1961, which annulled his determination revoking the operator's license of the petitioner because of the latter's refusal to submit to a chemical blood test to determine the alcoholic content of his blood after he had been arrested by a police officer for driving while in an intoxicated condition. Order reversed on the law, without costs, and the Commissioner's determination of May 5, 1961 reinstated and confirmed. No questions of fact were considered. In our opinion, the testimony presented at the hearing of May 5, 1961, the colloquy had at said hearing between petitioner's counsel and Referee, and the Referee's findings clearly disclose that the stricter standard contained in section 71-a of the former Vehicle and Traffic Law (i.e. of refusing to submit to a chemical blood test following an arrest for driving while intoxicated when the police officer who made the arrest had reasonable grounds to believe that the person so arrested was driving in an intoxicated condition), was the sole standard considered by the Referee, by all of the interested parties who testified and by the counsel who appeared at said hearing. In these circumstances, the rights of the petitioner were in nowise prejudiced by the erroneous references to section 1194 of the present Vehicle and Traffic Law which were made in the notice of hearing, at the hearing of May 5, 1961, and in the findings and in the determination of the Referee following said hearing. It is also our opinion that, in any event, there was substantial evidence adduced at the hearing of May 5, 1961 to amply support the findings and determination made by the Referee who presided at said hearing. We have not given any consideration to the proceedings at the first hearing held on February 10, 1961, at which the petitioner and his counsel were not present. It seems clear that when the new hearing was granted to the petitioner and was held on May 5, 1961 in order that the petitioner should have a full opportunity to be heard, it was intended that the new hearing would supersede the proceedings at the prior hearing of February 10, 1961. In this view, the proceedings at such prior hearing became and were irrelevant upon the instant review. Accordingly, while the petitioner's cross motion should have been granted to the extent of striking from the answer herein paragraphs " SEVENTH " to " TENTH " relating to said earlier proceedings, the denial of the motion has not affected the result or prejudiced petitioner. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.